An unpublished order shall not be regarded as precedent and shall not be cited as legal authority. SCR 123.

IN THE SUPREME COURT OF THE STATE OF NEVADA

| | |
|---|---|
| IN THE MATTER OF THE PARENTAL RIGHTS AS TO: S.M.B. AND A.N.B., MINORS. | No. 58593 |

SAM K.B.,
Appellant,
vs.
THE STATE OF NEVADA DIVISION
OF CHILD AND FAMILY SERVICES,
Respondent.

**FILED**

MAR 14 2013

TRACIE K. LINDEMAN
CLERK OF SUPREME COURT
BY_____
DEPUTY CLERK

## ORDER OF AFFIRMANCE

This is an appeal from a district court order terminating appellant's parental rights as to his two minor children. Seventh Judicial District Court, White Pine County; Dan L. Papez, Judge.

In terminating parental rights, the district court must find by clear and convincing evidence that termination is in the child's best interest and that at least one factor of parental fault exists. NRS 128.105; Matter of Parental Rights as to N.J., 116 Nev. 790, 800-01, 8 P.3d 126, 132-33 (2000). Evidence of parental fault may include abandonment, neglect, parental unfitness, failure of parental adjustment, token efforts, or a risk of serious injury to the child if the child is returned to the parent. NRS 128.105(2); Matter of Parental Rights as to D.R.H., 120 Nev. 422, 428-33, 92 P.3d 1230, 1234-37 (2004). The child's best interest necessarily includes considerations of parental fault and how the parent's conduct has impacted the child. See Matter of N.J., 116 Nev. at 800, 8 P.3d at 132. This court will uphold the district court's termination order if it is supported by substantial evidence. Matter of D.R.H., 120 Nev. at 428, 92 P.3d at 1234.

SUPREME COURT
OF
NEVADA

(O) 1947A

13-07816

On appeal, appellant contends that a permanent guardianship with the maternal grandparent was a better alternative to termination of his parental rights in this case. See NRS 432B.466-.468. Appellant also contends that the district court's order lacked the necessary factual findings to support termination and that termination was not warranted in light of his efforts to visit the children and provide them gifts.

Having considered appellant's arguments along with the appellate record, we conclude that substantial evidence supports the district court's order to terminate appellant's parental rights. The district court considered the permanent guardianship option argued by appellant and concluded that it would not be in the children's best interests, as it would not provide the stability and permanency that the children need in this case. The district court's order contains specific factual findings that appellant had perpetrated acts of domestic violence against the children's mother and used controlled substances in the presence of the oldest child, who suffered emotional harm. The court further found that appellant continued to use controlled substances and engage in acts of domestic violence, and failed to comply with elements of his case plan aimed at addressing these issues. The court also found that the children had a very strong bond with their maternal grandparents, who had provided a loving and stable home and sought to adopt them. In comparison, the court found that appellant had a weak bond with the older child, and that his bond with the younger child was virtually nonexistent. See NRS 128.108.

Appellant contends that his case plan was unworkable and unattainable because he could not have custody in light of the domestic violence issues under NRS 125C.230 and NRS 432B.157, which set forth rebuttable presumptions that it is not in a child's best interest to be in the

SUPREME COURT
OF
NEVADA

(O) 1947A

custody of a parent who has engaged in an act of domestic violence. We note, however, that appellant had an opportunity to rebut the presumptions by completing other parts of his case plan including counseling and other services intended to address his domestic violence issues, as well as providing support for the children. The district court found that the appellant failed to make any meaningful efforts to address his domestic violence issues or provide for the children's monetary support and emotional and physical well-being. Having reviewed the record, we conclude that substantial evidence supports the district court's findings of parental fault and that termination of appellant's parental rights was in the children's best interests. See Matter of N.J., 116 Nev. at 800, 8 P.3d at 132; Matter of D.R.H., 120 Nev. at 428-33, 92 P.3d at 1234-37. Accordingly, we

ORDER the judgment of the district court AFFIRMED.

_____, J.
Gibbons

_____, J.
Douglas

_____, J.
Saitta

cc:     Seventh Judicial District Court Dept. 2
        David D. Loreman
        Attorney General/Las Vegas
        White Pine County Clerk